# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 9, 2010

No. 09-41027
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MALCOLM DAVID MACHAUER,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:09-CR-1-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Malcolm David MacHauer appeals his convictions for income tax evasion, in violation of 26 U.S.C. § 7201.  MacHauer contends the district court erred in denying four requested jury instructions.  We need not decide the Government's plain and harmless error contentions, because MacHauer's claims fail under our usual standard of review, discussed below.

"This court reviews a district court's refusal to include a defendant's proposed jury instruction in the charge under an abuse of discretion standard."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005). "'The refusal to give a jury instruction constitutes error only if the instruction (1) was substantially correct, (2) was not substantially covered in the charge delivered to the jury, and (3) concerned an important issue so that the failure to give it seriously impaired the defendant's ability to present a given defense.'" *United States v. Clements*, 73 F.3d 1330, 1338 (5th Cir. 1996) (internal quotation marks and citation omitted); *accord Simkanin*, 420 F.3d at 410 ("Under this test, this court will not find an abuse of discretion where the instructions actually given fairly and adequately cover the issues presented by the case.").

MacHauer challenges the district court's general instruction to the jury on reasonable doubt. The first of his requested instructions at issue stated:

> The line between honest belief and purposeful misrepresentation and deceit is not always clear. Since the defendant's guilt or innocence depends upon where that line is drawn, however, you may not convict if the evidence is evenly balanced between guilt and innocence.

The second stated:

> When there is an innocent explanation for a defendant's conduct as well as one which suggests that the defendant was engaged in wrong doing [sic], the Government must produce evidence which would allow you, the jury, to conclude beyond a reasonable doubt that the Government's version of the defendant's conduct is the correct one.

MacHauer acknowledges the district court's general instruction on reasonable doubt tracked our court's pattern instruction, *see* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Criminal Cases) § 1.05 (2001). Nevertheless, he contends the concept of reasonable doubt should have been further defined as provided in the above two instructions. MacHauer maintains jurors need more concrete, illustrative examples of what constitutes such doubt.

The district court had substantial latitude in formulating its reasonable-doubt instruction, and MacHauer was not entitled to his proposed wording. *United States v. Williams*, 20 F.3d 125, 128 (5th Cir. 1994); *United States v. Hunt*, 794 F.2d 1095, 1097 (5th Cir. 1986). As discussed *supra*, "[a] district court has broad discretion in framing the instructions to the jury and this court will not reverse unless the instructions taken as a whole do not correctly reflect the issues and law". *United States v. Clayton*, 506 F.3d 405, 410 (5th Cir. 2007) (internal quotation marks and citation omitted).

Both of these requested instructions were substantially covered by the court's reasonable-doubt instructions. They stated: MacHauer was presumed to be innocent; the Government bore the burden of proving his guilt beyond a reasonable doubt; and the jury was required to acquit MacHauer if the Government failed to meet its burden. The jury was also instructed: "Proof beyond a reasonable doubt . . . is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs". The district court did not err in denying the above two requested instructions. *See Clements*, 73 F.3d at 1338; *see also United States v. Skelton*, 514 F.3d 433, 446 (5th Cir.), *cert denied*, 129 S. Ct. 102 (2008) (recognizing district court does not err by giving instruction that tracks pattern instruction and correctly states the law).

Additionally, to the extent MacHauer contends the court's reasonable-doubt instruction was constitutionally deficient, *see Sullivan v. Louisiana*, 508 U.S. 275, 279-82 (1993), his argument is unavailing. Our court has determined the reasonable-doubt instruction given by the district court is proper. *See United States v. Alonzo*, 681 F.2d 997, 1002 (5th Cir. 1982); *see also Williams*, 20 F.3d at 129 n.2.

The two remaining requested instructions in issue pertain to whether MacHauer's conduct was willful. "The elements of a violation of 26 U.S.C. § 7201 are: (1) existence of a tax deficiency; (2) an affirmative act constituting an

evasion or an attempted evasion of the tax; and (3) willfulness." *United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009). The focus of MacHauer's defense at trial was the willfulness element. To prove willfulness, the Government was required to show: "(1) the law imposed a duty on the defendant; (2) the defendant knew of that duty; and (3) the defendant voluntarily and intentionally violated that duty". *Id.* A defendant's good faith belief he was acting in accordance with the law negates willfulness even if such belief was not objectively reasonable. *See Cheek v. United States*, 498 U.S. 192, 201-03 (1991); *Simkanin*, 420 F.3d at 404. On the other hand, a defendant's disagreement with a known legal duty under the tax laws or belief that they are unconstitutional or otherwise invalid, regardless of how genuinely held, is, needless to say, *not* a defense to willfulness. *See Cheek*, 498 U.S. at 202-04 & n.8; *Simkanin*, 420 F.3d at 404.

The district court instructed the jury: "neither a disagreement with the requirements of the law, nor a belief that the tax laws are unconstitutional" constitutes a defense against the element of willfulness. MacHauer contends the failure of the charge to further define the phrases "disagreement with the requirements of the law" and "a belief that the tax laws are unconstitutional", allowed the jury to return a finding of willfulness merely because MacHauer disagreed with the tax laws or believed them to be unconstitutional, rather than because he willfully violated his duty under the tax laws. Along that line, he contends the district court erred in denying the following requested instruction:

> To find that the defendant had a "disagreement with the law" that would be evidence of the defendant acting willfully, you the jury must find that he knew that the federal income tax laws imposed a tax on his income and he consequently owed such taxes and was required to file tax returns.
>
> To find that the defendant believed that the federal income tax laws were unconstitutional and thus show that the defendant was acting willfully, you the

jury must find that he knew that the federal income tax laws imposed a tax on his income and he consequently owed such taxes and was required to file tax returns.

MacHauer's argument is unavailing. He takes issue with the denial of this instruction because he maintains he did not subjectively "know" the federal income tax laws imposed a tax on his income because his independent research allegedly revealed he did not have such a responsibility. MacHauer contends he believed he was not subject to income tax laws because of his status as an American citizen.

MacHauer's proposed instruction was substantially covered by the district court's instructions regarding willfulness, which included instructing the jury that: satisfaction of the willfulness element required the Government to prove MacHauer "knew of the requirements of the federal law and that he voluntarily and intentionally failed to comply"; MacHauer was "not presumed to know the law"; and the Government bore the burden of proving MacHauer's knowledge with respect to "any law the Government assert[ed] [he] knew". Furthermore, the district court's charge did *not* instruct the jury that the element of willfulness could be satisfied merely by a finding MacHauer disagreed with the law or believed the law to be unconstitutional; the charge referred to such disagreement or belief only in terms of not being a "defense" to willfulness.

The final requested instruction at issue stated:

> If upon consideration of all the evidence you are left with a reasonable doubt whether the defendant believed that for the year 2002 his income was not taxable, it shall be your duty to acquit him for count 1 of the indictment.

> If upon consideration of all the evidence you are left with a reasonable doubt whether the defendant believed that for the year 2003 his income was not taxable, it shall be your duty to acquit him for count 2 of the indictment.

> If upon consideration of all the evidence you are left with a reasonable doubt whether the defendant believed that for the year 2004 his income was not taxable, it shall be your duty to acquit him for count 3 of the indictment.

According to MacHauer, the district court was required to include this instruction because it set forth his defense theory. He also contends the district court violated his constitutional rights to present a complete defense and to equal protection by refusing to instruct the jury on that theory.

This requested instruction is misleading; needless to say, it implies MacHauer was to be acquitted if he possessed any subjective belief his income was not taxable, without regard to whether such belief: was held in good faith, was based on his disagreement with the law, or was based on his opinion that the federal tax laws were unconstitutional. While defendant's good faith belief that he was not violating the tax law negates willfulness, the same is obviously *not* true of defendant's disagreement with a known legal duty under the tax laws or defendant's belief that they are inapplicable to him because they are unconstitutional or otherwise invalid. *See Cheek*, 498 U.S. at 201-04 & n.8; *Simkanin*, 420 F.3d at 404. Because MacHauer's requested instruction did not clearly state the applicable law, the district court did *not* err in denying it. *See Clayton*, 506 F.3d at 411-12.

Further, MacHauer's theory of defense was substantially covered by the given charge. It included the following admonishment: "[Y]ou heard the defendant give testimony concerning his belief that his income was or is not taxable . . . . This testimony was submitted to you as relevant to the defendant's defense that he did not act willfully, as that term is used in these instructions". The district court later instructed the jury on the defense of good faith, stating: "A defendant does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law." The district court further instructed regarding good faith:

No. 09-41027

> Therefore, if the defendant subjectively believed that what he was doing was in compliance with the tax statutes, he cannot be said to have the criminal intent required by the charges against him. In proving willfulness, it is the . . . Government's burden to prove beyond a reasonable doubt that the defendant did not act with a good faith belief as to [what] the law required of him.

These instructions placed squarely before the jury MacHauer's defense theory. Again, "[w]hile a defendant is entitled to an instruction on his theory of defense, he has *no* right to particular wording". *Clayton*, 506 F.3d at 410 (internal quotation marks and citation omitted) (emphasis added). Further, given MacHauer's defense theory was covered in the district court's instructions, there is *no* merit to his contentions that the district court violated his constitutional rights to present a complete defense or to equal protection.

AFFIRMED.